### Taylor et al. v. Helton.

(Decided April 23, 1935.)

HIRAM H. OWENS for appellants.

J. J. TYE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Isaac Taylor and his wife, Cordie Taylor, owned a parcel of land on Manchester street in Barbourville, Knox county, and J. G. Helton owned a farm in the county. In the year 1925, the city improved Manchester street at the cost of the abutting property owners, and the cost assessed against the Taylor property on December 7, 1925, amounted to $1,818.44. On January 7,

1926, Taylor elected to pay on the ten-year plan; that is, to pay one-tenth of the principal annually, with 6 per cent. interest payable semiannually. On July 7, 1926, he paid $285.39, which paid the interest then due and about $40 on the principal, leaving due on that date about $1,596.62. On November 12, 1926, Taylor paid $532, leaving due on that date about $1,097.88. On April 11, 1927, the unpaid portion of the assessment amounted to about $1,124.92.

On April 11, 1927, the Taylors swapped their town property for the Helton farm. The deed from the Taylors to Helton contains the following provisions:

> "That said parties of the first part for and in consideration of the sum of $1,000.00 street bill to be paid by J. G. Helton and a certain tract of land conveyed to second party by T. C. Corey &c by deed bearing date Nov. 8, 1920, recorded deed book 46, page 131, the receipt of which is hereby acknowledged does hereby sell and convey to the party of the second part his heirs and assigns the following described property to wit: * * *

> "It is understood that $1,000.00 indebtedness is to be paid by the second party as it comes due. The balance of the street bill is to be paid by first party in 1928 and 1929."

The deed from Helton to the Taylors, after reciting that the consideration therefor was "the sum of a certain parcel of land in Barbourville, on Manchester Street conveyed to Isaac Taylor by Emma Treadway, Nov. 9th, 1923," contained the following provision:

> "A lien is retained upon the property herein conveyed as security for the payment of a street bill in excess of $1,000.00."

This action was brought by Helton against the Taylors for the purpose of having determined how much of the street assessment should be paid by each of them. The chancellor held that Helton was liable only to the extent of $1,000, and that the Taylors had to pay the excess over that sum, subject to a small credit of interest paid in advance. The Taylors appeal.

The judgment proceeds on the theory that Helton agreed to pay only $1,000 of the street assessment, and that the Taylors agreed to pay all over and above that

sum, including the interest on the $1,000. The question turns on the proper construction of the two deeds considered together. If it had been possible to pay the street assessment in cash, and the contract had been made on that basis, the question would not be so difficult. As a matter of fact, however, the street assessment was payable in installments, with interest, and this fact plays no small part in the consideration of the question. In addition to this it was provided that the $1,000 indebtedness should be paid by Helton as it becomes due, thus showing that the installment theory of payment should be continued. These circumstances are quite helpful in determining the intention of the parties. Though it be true that the words "$1,000.00 street bill" and "$1,000.00 indebtedness" are employed, and it is provided that "the balance of the street bill is to be paid by first party in 1928 and 1929," and that a lien was retained "for the payment of a street bill in excess of $1,000.00," we are constrained to the view that the parties intended to apportion their liability on the basis of $1,000 to be paid by Helton and the excess to be paid by the Taylors; Helton to pay the interest on the $1,000, and the Taylors to pay only the interest on the excess. Any other view would make the Taylors liable for the interest on the $1,000 of the improvement tax that Helton agreed to pay, and we are not disposed to hold that the parties so intended.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.